IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAWRENCE L.,[1]

      Plaintiff,

v.                                                          Civ. No. 22-943 SCY

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER

      Plaintiff argues that the Commissioner committed error when denying his claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Specifically, Plaintiff asserts that the ALJ erred by finding the medical opinions on file unpersuasive and entering a more restrictive RFC than those opinions suggested, without ordering a consultative examination to obtain a medical opinion supporting that more restrictive RFC. The Court disagrees; the ALJ has no duty to support the RFC with a precise corresponding medical opinion and it is not error to temper an adverse medical opinion in the claimant's favor. As a result, the Court DENIES Plaintiff's Motion To Reverse Or Remand Administrative Agency Decision and affirms the decision below.[2]

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 6, 8, 9. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). The Court reserves

**APPLICABLE LAW**

  A.  Disability Determination Process

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382c(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

(1) At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[3] If the claimant is engaged in substantial gainful activity, he is not disabled regardless of his medical condition.

(2) At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment or combination of impairments that is severe and meets the duration requirement, he is not disabled.

(3) At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

(4) If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform his "past

---

discussion of the background, procedural history, and medical records relevant to this appeal for its analysis.

[3] "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The claimant's "[w]ork may be substantial even if it is done on a part-time basis or if [he] doe[es] less, get[s] paid less, or ha[s] less responsibility than when [he] worked before." *Id.* "Gainful work activity is work activity that [the claimant] do[es] for pay or profit." *Id.* §§ 404.1572(b), 416.972(b).

>relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [the claimant] can still do despite [his physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of the claimant's past work. Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.

>(5)   If the claimant does not have the RFC to perform his past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

B.   Standard of Review

The court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Casias*, 933 F.2d at

800-01. In making these determinations, the court neither reweighs the evidence nor substitutes its judgment for that of the agency. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118 (internal quotation marks omitted), or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Therefore, although an ALJ is not required to discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence" and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (internal quotation marks omitted). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

4

# ANALYSIS

Plaintiff argues that the ALJ should have ordered a physical consultative examination rather than relying on her lay assessment of Plaintiff's physical functioning[4] for the RFC. Doc. 15-1 at 7. Plaintiff's argument is unpersuasive. Under the relevant standard, Plaintiff must show the record was insufficient to make a disability finding in order to establish that a consultative examination was warranted. Plaintiff does not do so; the record did not become insufficient merely because the ALJ found the physical medical opinions unpersuasive. The ALJ based the RFC on chronologically pertinent medical evidence contained in Plaintiff's medical records, and Plaintiff does not attempt to argue that this medical evidence was insufficient for a finding of disability.

    A.    ALJ opinion

The ALJ assigned a physical RFC for:

> sedentary work as defined in 20 CFR 416.967(a) except he could occasionally crouch, crawl, kneel, stoop, bend, climb ramps or stairs, and balance as defined in the Selected Characteristics of Occupations (SCO); but he should avoid workplace hazards such as dangerous, moving machinery and unprotected heights so claimant is not able to climb ladders/ropes/scaffolding.

AR 17.

In the narrative portion of her opinion, the ALJ examined Plaintiff's testimony at the hearing, Plaintiff's function reports, and medical records and test results from March 2019 to January 2020. AR 18-20. The ALJ then evaluated the physical medical opinions of record as follows:

> The record also contains Disability Determination Evaluations (DDEs) at the initial stage of adjudication and at reconsideration. At both stages of adjudication, the medical and psychological consultants determined the claimant was not disabled because he retained the residual functional capacity to perform work at

---

[4] Plaintiff does not raise any arguments with respect to the mental RFC.

>the light exertional level with occasional kneeling, crouching, crawling, and climbing ramps, stairs, ladders, ropes, or scaffolds. . . . While the State agency consultants reached the same conclusion regarding disability, the undersigned finds these opinions unpersuasive because evidence received at the hearing level reveals the claimant is more limited than determined by the consultants.

AR 25. Specifically, the ALJ assigned an RFC for sedentary, rather than light, work. AR 17.

     B.    <u>Consultative Examinations</u>

Under the Social Security regulations, a consultative examination may be ordered "to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim." 20 C.F.R. § 404.1519a(b).

>Some examples of when we might purchase a consultative examination to secure needed medical evidence, such as clinical findings, laboratory tests, a diagnosis, or prognosis, include but are not limited to:
>
>>(1) The additional evidence needed is not contained in the records of your medical sources;
>>
>>(2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;
>>
>>(3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources; or
>>
>>(4) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established.

*Id.*

The Tenth Circuit has examined the previous, but substantially similar, version of this regulation and held that "there was no need to further develop the record [where] sufficient information existed for the ALJ to make her disability determination." *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008). In *Cowan*, sufficient evidence existed to make a disability determination because

> There was record evidence regarding [claimant]'s daily activities and physical abilities; there was Exhibit 9F, the PRT form in which the medical consultant had found that [claimant]'s mental impairment had resulted in only a mild restriction of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, or pace, and no repeated episodes of decompensation; and there was no evidence, medical or otherwise, suggesting that his mental impairment had any greater effect on [the claimant]'s ability to work.

*Id.*

Plaintiff does not address the relevant standard; that is, Plaintiff does not analyze the applicable regulation or attempt to show that the record evidence was insufficient to make a disability determination in this case. Instead, Plaintiff argues that there as were only two medical opinions related to Plaintiff's physical functioning and the ALJ found neither persuasive. The rejection of these opinions, Plaintiff asserts, "left the ALJ without any informed medical opinion as to Plaintiff's functional limitations." Doc. 15-1 at 9. But as described above, the ALJ relied on evidence other than the medical opinions. That is, the ALJ based her physical RFC assessment on evidence of record including Plaintiff's testimony at the hearing, Plaintiff's function reports, and medical records and test results from March 2019 to January 2020. AR 18-20. Plaintiff does not challenge the sufficiency of this evidence.

Finally, the Tenth Circuit has held that when a claimant is represented by counsel at the administrative hearing, "the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." *Cowan*, 552 F.3d at 1188. The Tenth Circuit in *Cowen* affirmed the ALJ because "there was no request from [the claimant]'s counsel for any other existing medical records to be obtained, for a consultative mental examination to be performed, or for any other development of the record to be undertaken." *Id.* Here, the Commissioner points out that Plaintiff was represented during the hearing stage and his attorney did not request a consultative examination. Doc. 20 at 5. Plaintiff does not refute this as a factual matter, but argues that

"administrative disability hearings are 'nonadversarial and the ALJ has a duty to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" Doc. 21 at 2 (quoting *Garcia v. Saul*, No. 20cv64 SMV, 2021 WL 1215788, at *3 (D.N.M. Mar. 31, 2021)). Although this is a true statement of law, as discussed above, the ALJ's duty to develop an adequate record does not extend to ordering a consultative examination when the record is already sufficient to evaluate disability and when the claimant's attorney did not request a consultative examination.

C.   No requirement to match a medical opinion

Plaintiff is also incorrect that an "informed medical opinion" matching the RFC is a requirement for making a disability determination. The Tenth Circuit has squarely rejected the argument that "the components of an RFC assessment lack substantial evidentiary support unless they line up with an expert medical opinion." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

In *Chapo*, "the physical RFC . . . findings deviate from the one medical opinion given weight by the ALJ" and with respect to "the mental RFC, . . . the only medical opinion was given virtually no weight." *Id.* Nonetheless, the Tenth Circuit found no error in the RFC assessment:

> [T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. The ALJ, not a physician, is charged with determining a claimant's RFC from the medical record. We have thus rejected the argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category.

*Id.* at 1288-89 (cleaned up) (citing *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004); *Wall v. Astrue*, 561 F.3d 1048, 1068-69 (10th Cir. 2009) (upholding ALJ's findings on mental impairment where record did not contain any treating or examining medical opinions as to allegedly disabling pain disorder); and *Bernal v. Bowen*, 851 F.2d 297, 302-03 (10th Cir. 1988)

8

(holding ALJ properly made mental RFC findings without expert medical assistance)). In other words, the evidence does not become "inconclusive" or "insufficient" to evaluate disability and thus require a consultative examination, merely because the ALJ does not support the RFC with a medical opinion.

As support for his argument, Plaintiff relies on *Hawkins v. Chater*, 113 F.3d 1162 (10th Cir. 1997), and a line of district court cases applying *Hawkins*. Doc. 15-1 at 7-8. In *Hawkins*, the ALJ found a hypertension/heart-condition impairment to be non-severe without ordering a consultative examination on the topic. *Id.* at 1166. The Tenth Circuit held that was error because the court "cannot say on the basis of this record whether [the hypertension] impairment is severe or not severe without more medical information." *Id.* at 1169-70. This holding is inapplicable, however, in cases, such as the present case, where a plaintiff fails to demonstrate the existing medical evidence was insufficient to make an RFC assessment. Moreover, Plaintiff does not point to any impairment he thinks the ALJ should have found severe but did not.[5]

Plaintiff also contends that cases from this District have held that an RFC must be supported by a corresponding medical source assessment. Doc. 15-1 at 13 (characterizing *Quintana v. Astrue*, No. 09cv075, 2009 WL 10706693, at *4 (D.N.M. Dec. 28, 2009) as "remanding where the ALJ could not point to any evidence in support of his RFC assessment

---

[5] Plaintiff implies that *Hawkins* and its progeny hold that the mere finding of a severe physical impairment is what triggers the ALJ's duty to order a consultative examination. Doc. 15-1 at 8 ("In this case, the ALJ found Plaintiff's physical impairments to be severe and resulting in functional limitations, so Plaintiff has unquestionably met his burden of proof that her impairments are severe and impact her disability determination. The ALJ therefore, should have ordered the physical consultative examination." (citing *Olguin v. Berryhill*, No. 18cv370, 2019 WL 955281 (D.N.M. Feb. 27, 2019); *Calderwood v. Barnhart*, No. 02cv890, 2003 WL 27384839, at *6 (D.N.M. Aug. 8, 2003); *Olquin v. Berryhill*, 2019 WL 955281 (D.N.M. Feb. 27, 2019); and *Martinez v. Colvin*, No. 15cv545, 2016 WL 8231144, at *7 (D.N.M. Sept. 1, 2016)). However, none of the cited cases stand for the proposition Plaintiff seeks the Court to adopt. Indeed, adopting such a proposition would be contrary to the Commissioner's regulations.

because no medical source assessed Plaintiff's functional capacity"). That is not quite what *Quintana* said. In *Quintana*, "the ALJ determined that, in the absence of substance abuse, Plaintiff would retain the mental RFC set forth above." 2009 WL 10706693, at *4. However, there was *no* evidence in that case regarding that claimant's functioning in the absence of substance abuse: neither a "medical source opinion which assesses or predicts Plaintiff's mental RFC in the absence of substance abuse" nor "evidence relating to a period of time when Plaintiff was not abusing drugs or alcohol." *Id.* Here, a hypothetical assessment of functioning in the absence of substance abuse is not at issue. Instead, the ALJ evaluated and based the RFC on chronologically relevant medical evidence and other evidence, such as function reports, regarding Plaintiff's physical functioning. AR 18-20. And again, Plaintiff makes no argument that the ALJ's determination of disability based on this evidence lacks sufficient evidence.

More importantly, *Chapo* clarified that it is not error for an ALJ to "temper" a medical opinion "*in the claimant's favor*" by assigning a more restrictive RFC than the opinion suggests. 682 F.3d at 1288 (emphasis in original). As the Tenth Circuit explained, "we are aware of no controlling authority holding that the full adverse force of a medical opinion cannot be moderated favorably in this way unless the ALJ provides an explanation for extending the claimant such a benefit." *Id.* "[I]f a medical opinion adverse to the claimant has properly been given substantial weight [or evaluated for persuasiveness[6]], the ALJ does not commit reversible error by electing to temper its extremes for the claimant's benefit." *Id.*

---

[6] *Chapo* was decided when the applicable procedure involved assigning "weight" to a medical opinion. The regulations have since been amended to instruct ALJs to evaluate the "persuasiveness" of an opinion instead. Nonetheless, the Court finds that *Chapo*'s reasoning remains applicable under the amended regulations.

This is exactly what the ALJ did in this case. The medical opinions in the record are *less* favorable to Plaintiff (the state-agency consultants concluded Plaintiff can perform light work) than the ALJ's RFC (sedentary work). And Plaintiff certainly does not contend the ALJ should have agreed that Plaintiff can perform light work. Having tempered the physical medical opinions in Plaintiff's favor, the ALJ committed no error Plaintiff can successfully challenge on appeal.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion To Reverse Or Remand Administrative Agency Decision is **DENIED**.

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**